DMJ:RTL:MPC
F.# 2009R00322

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

LAURIE SCHNEIDER,

           Defendant.

- - - - - - - - - - - - - - - - X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  JAN 31 2013  ★

LONG ISLAND OFFICE

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 12-074 (S-1) (DRH)
(T. 18, U.S.C., §§
981(a)(1)(C), 1343, 2
and 3551 et seq.; T. 21,
U.S.C., § 853(p); T. 28,
U.S.C., § 2461(c))

THE GRAND JURY CHARGES:

### INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

I.   The Defendant and Her Companies

      1.   Janitorial Close-Out City Corp. ("Janitorial Close-Out") was a New York State corporation incorporated in or about June 2006. Janitorial Close-Out was a shell company with no ongoing business operations.

      2.   The defendant LAURIE SCHNEIDER was the Chairman, Chief Executive Officer and President of Janitorial Close-Out and held herself out to be its owner. SCHNEIDER maintained a bank account for Janitorial Close-Out at J.P. Morgan Chase Bank, N.A. in Oceanside, New York (hereinafter, the "Janitorial Close-Out Chase Account").

2

3.   Eager Beaver Realty LLC ("Eager Beaver") was a New York State limited liability corporation incorporated in or about May 2006.  Eager Beaver was a shell company with no ongoing business operations.

4.   The defendant LAURIE SCHNEIDER was the Chairman, Chief Executive Officer and President of Eager Beaver and held herself out to be its owner.  SCHNEIDER maintained a bank account for Eager Beaver at J.P. Morgan Chase Bank, N.A. in Oceanside, New York (hereinafter, the "Eager Beaver Chase Account").

II.  The Victims

5.   John Doe #1, an individual whose identity is known to the Grand Jury, was a resident of Mahopac, New York, who invested money in Janitorial Close-Out.

6.   John Doe #2, an individual whose identity is known to the Grand Jury, was a resident of San Francisco, California who invested money in Janitorial Close-Out.

7.   John Doe #3, an individual whose identify is known to the Grand Jury, was a resident of Las Vegas, Nevada, who invested money in Janitorial Close-Out.

8.   John Doe #5, an individual whose identity is known to the Grand Jury, was a resident of South Salem, New York, who invested money in Eager Beaver.

9.   John Doe #6, an individual whose identity is known to the Grand Jury, was a resident of Rivervale, New Jersey, who invested money in Eager Beaver.

10. John Doe #7, an individual whose identity is known to the Grand Jury, was a resident of Larchmont, New York, who invested money Eager Beaver.

11. John Doe #8, an individual whose identity is known to the Grand Jury, was a resident of Scarsdale, New York, who invested money in Eager Beaver.

III. <u>The Janitorial Close-Out Scheme to Defraud</u>

12. In or about and between September 2006 and February 2009, the defendant LAURIE SCHNEIDER devised and executed a scheme and artifice to defraud and fraudulently obtain money from investors whom SCHNEIDER solicited to invest money in purported business ventures involving Janitorial Close-Out.

13. It was a part of the scheme that the defendant LAURIE SCHNEIDER made materially false and fraudulent representations to John Doe #1, John Doe #2, John Doe #3 and other investors about Janitorial Close-Out's ability to obtain and sell industrial equipment and machinery. For example, SCHNEIDER falsely told investors that she had a business contact, hereinafter referred to as John Doe #4, an individual whose identity is known to the Grand Jury, who had strong relationships with companies in China that manufactured industrial equipment and machinery.

14. It was a further part of the scheme that the defendant LAURIE SCHNEIDER falsely told investors that John Doe #4 was able to purchase industrial equipment and machinery from

companies in China at wholesale prices which Janitorial Close-Out would resell in the United States at a 15 to 60 percent profit over a 9 to 18 month period (hereinafter, the "China Deals"). In some instances, SCHNEIDER falsely told investors that purchasers for the purported industrial equipment and machinery had already been secured. SCHNEIDER also falsely told investors that both she and John Doe #4 would personally guarantee a return of principal to them.

15. It was a further part of the scheme that the defendant LAURIE SCHNEIDER provided investors with written investment agreements in which she personally guaranteed that 100 percent of the invested funds would be used to purchase industrial equipment and machinery in China and that there would be as much as a 60 percent return on investment and a return of principal.

16. It was a further part of the scheme that the defendant LAURIE SCHNEIDER induced investors to send money via wire to the Janitorial Close-Out Chase Account and personally deliver checks to her for the purpose of investing in the China Deals.

17. It was a further part of the scheme that the defendant LAURIE SCHNEIDER used a portion of the funds provided by the investors in the China Deals to pay returns to investors in unrelated business ventures which pre-dated the China Deals.

18. In truth and in fact, as the defendant LAURIE SCHNEIDER well knew and believed, Janitorial Close-Out earned no profits from purchasing or selling industrial equipment and machinery manufactured in China, John Doe #4 did not have any relationships with companies in China that manufactured industrial equipment and machinery, and the returns that were paid to China Deal investors were derived from those investors' own money and from money that was deposited into the Janitorial Close-Out Chase Account by subsequent China Deal investors.

IV.  The Eager Beaver Scheme to Defraud

19. In or about and between January 2007 and April 2009, the defendant LAURIE SCHNEIDER devised and executed a scheme and artifice to defraud and fraudulently obtain money from investors whom SCHNEIDER solicited to invest money in purported business ventures involving Eager Beaver.

20. It was a part of the scheme that the defendant LAURIE SCHNEIDER made materially false and fraudulent representations to John Doe #5, John Doe #6, John Doe #7 and John Doe #8 and other investors about Eager Beaver's ability to purchase and sell real properties on Long Island that were in foreclosure proceedings or were otherwise obtained at a significant discount.

21. It was a further part of the scheme that the defendant LAURIE SCHNEIDER provided investors with written investment agreements in which she falsely and personally

guaranteed that 100 percent of the invested funds would be used by Eager Beaver to purchase foreclosed real property that would be resold and generate proceeds sufficient to enable Eager Beaver to pay as much as a 20 percent return on investment and a return of principal. SCHNEIDER also falsely told investors that she would personally guarantee a return of principal and interest to them.

22. SCHNEIDER also falsely told at least one investor, John Doe #8, that his investment in Eager Beaver was collateralized by specific residential properties that she owned in Suffolk County, New York, and provided John Doe #8 with a mortgage that purportedly gave him a security interest in such properties when in truth and in fact, as SCHNEIDER then and there well knew and believed, she was not the owner of those properties at the time she executed the mortgage.

23. It was a further part of the scheme that the defendant LAURIE SCHNEIDER induced investors to send money via wire tranfers to the Eager Beaver Chase Account and personally deliver checks to her for the purpose of investing in Eager Beaver.

24. It was a further part of the scheme that the defendant LAURIE SCHNEIDER used a portion of the money provided by the investors for Eager Beaver to pay returns to investors in unrelated business ventures, including the China Deals, which pre-dated the Eager Beaver investments.

25. In truth and in fact, as the defendant LAURIE SCHNEIDER well knew and believed, Eager Beaver earned no profits from purchasing or selling real estate, investors' money was used for purposes other than the purchase or sale of real estate, and the returns that were paid to Eager Beaver investors were derived from those investors' own money and from money that was obtained from subsequent Eager Beaver investors and other accounts controlled by SCHNEIDER.

<u>COUNTS ONE THROUGH THREE</u>
(Wire Fraud)

26. The allegations contained in paragraphs one through twenty-five are realleged and incorporated as if fully set forth in this paragraph.

27. On or about and between August 27, 2007 and January 14, 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant LAURIE SCHNEIDER, together with others, did knowingly and intentionally devise a scheme and artifice to defraud the investors of Janitorial Close-Out, and to obtain money and property from them by means of materially false and fraudulent pretenses, representations and promises.

28. On or about the dates specified below, for the purpose of executing such scheme and artifice, the defendant LAURIE SCHNEIDER transmitted and caused to be transmitted by

means of wire communication in interstate and foreign commerce, writings, signs, signals and sounds as described below:

| COUNT | APPROXIMATE DATE | AMOUNT OF WIRE TRANSFER | SENDER | RECIPIENT |
|---|---|---|---|---|
| ONE | October 12, 2007 | $290,000 | John Doe #2 from Citibank, Englewood Cliffs, New Jersey | Janitorial Close-Out Chase Bank Oceanside, New York |
| TWO | October 17, 2008 | $180,000 | John Doe #1 from Bank of America New York, New York | Janitorial Close-Out Chase Bank Oceanside, New York |
| THREE | January 14, 2009 | $50,000 | John Doe #3 from Community One Federal Credit Union, Las Vegas, Nevada | Janitorial Close-Out Chase Bank Oceanside, New York |

(Title 18, United States Code, Sections 1343, 2 and 3551 et seq.)

## COUNTS FOUR THROUGH SEVEN
(Wire Fraud)

29. The allegations contained in paragraphs one through twenty-five are realleged and incorporated as if fully set forth in this paragraph.

30. On or about and between January 2007 and April 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant LAURIE SCHNEIDER, together with others, did knowingly and intentionally devise a scheme and artifice to defraud the investors of Eager Beaver, and to obtain money and property from them by means of

materially false and fraudulent pretenses, representations and promises.

31. On or about the dates specified below, for the purpose of executing such scheme and artifice, the defendant LAURIE SCHNEIDER transmitted and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals and sounds as described below:

| COUNT | APPROXIMATE DATE | AMOUNT OF WIRE TRANSFER | SENDER | RECIPIENT |
|---|---|---|---|---|
| FOUR | February 1, 2008 | $250,000 | John Doe #5 from Wachovia Katonah, NY | Eager Beaver Chase Bank Oceanside, New York |
| FIVE | May 19, 2008 | $400,000 | John Doe #8 from Citibank New York, NY | Eager Beaver Chase Bank Oceanside, New York |
| SIX | August 8, 2008 | $50,000 | John Doe #7 from Wells Fargo N.A. White Plains | Eager Beaver Chase Bank Oceanside, New York |
| SEVEN | September 10, 2008 | $20,000 | Eager Beaver Chase Bank Oceanside, New York | John Doe #6 Bank of America Riverdale, New Jersey |

(Title 18, United States Code, Sections 1343, 2 and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION AS TO ALL COUNTS

32. The United States hereby gives notice to the defendant charged in Counts One through Seven that, upon her conviction of any such offenses, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section

2461(c), which require any person convicted of such offenses to forfeit any property constituting or derived from proceeds obtained directly or indirectly as a result of such offenses, including but not limited to the following:

### Money Judgment

(a) A sum of money equal to at least approximately $9 million in United States currency.

33. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any

11

other property of such defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p))

A TRUE BILL

_____
FOREPERSON

_____
LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

Criminal Action No. _____

UNITED STATES DISTRICT COURT
Eastern District of New York

UNITED STATES OF AMERICA

- against -

LAURIE SCHNEIDER

Defendant.

## INDICTMENT

(T. 18, U.S.C., §§ 981(a)(1)(C), 1343, 2 and 3551 et seq.; T. 21, U.S.C. § 853(p); T. 28, U.S.C. § 2461(c))

a true bill.

_____ Foreman

Filed in open court this _____ day of _____ A.D. _____

_____ Clerk

Bail, $ _____

Michael P. Canty
Assistant U.S. Attorney 631-715-7874

---

SIR:

PLEASE TAKE NOTICE that the within will be presented for settlement and signature to the Clerk of the United States District Court in his office at the U.S. Courthouse, 610 Federal Plaza, Central Islip, New York, on the ___ day of _____, 20__, at 10:30 o'clock in the forenoon.

Dated: Central Islip, New York
_____, 20___

To _____

United States Attorney,
Attorney for _____

Attorney for _____

SIR:

PLEASE TAKE NOTICE that the within is a true copy of _____ duly entered herein on the ____ day of _____, in the office of the Clerk of the Eastern District of New York.

Dated: Central Islip, New York
_____, 20___

To _____

United States Attorney,
Attorney for _____

Attorney for _____