```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------X
UNITED STATES OF AMERICA,

                                          MEMORANDUM AND ORDER
           -AGAINST-                       12-CR-0074 (DRH)

LAURIE SCHNEIDER,

                    DEFENDANT.
-------------------------------X
A P P E A R A N C E S:

For the Government:
    Robert Capers
    United States Attorney
    Eastern District of New York
    100 Federal Plaza
    Central Islip, New York 11722

For the Defendant:
    John F. Carman, Esq.
    Suite 501
    666 Old Country Road
    Garden City, New York 11530
```

HURLEY, Senior District Judge

By letter dated November 20, 2015 from Laurie Schneider ("defendant") addressed to me but sent to the Court by defense counsel, she asks for "an addendum to [her] PSR . . . to correct the record and reflect [her] true history of addiction." See Def.'s Nov. 20, 2015 Letter at 1, attached to the Nov. 14, 2015 Letter from John F. Carman, Esq. (Doc. # 90).

If the requested "correct[ion]" is granted, defendant advises she "will be able to further continue with the addiction treatment programs" in which she is presently enrolled. Id. Why that is so remains unexplained.

Background

The defendant pled guilty on February 28, 2014 to wire fraud related to a series of particularly pernicious falsehoods she made to investors over an approximately fifteen month period. The concomitant losses to her victims totaled just under seven million dollars.

After several adjournments were granted at her request so that she could address problems concerning her three young children, she was finally sentenced on November 7, 2014 to, inter alia, a period of incarceration of 36 months. That term was considerably below the advisory guideline range of 51 to 63 months, based on what I found to be her extraordinary family circumstances.

Discussion

Defendant's currently claimed history of addiction was never broached prior to the imposition of sentence, although the subject of substance abuse was specifically addressed in the July 16, 2014 presentence report ("PSR"). As noted therein under the heading of "[s]ubstance [a]buse":

> The defendant advised that she used marijuana on one or two occasions at age 15, and did not like the drug, which was provided for free by friends. Prior to her pregnancy, she consumed alcohol during social gatherings, no more than once per month, in the form of a glass of wine.
>
> The defendant reported no other illegal drug use or alcohol consumption, and has

> never undergone or required substance abuse
> treatment. A urinalysis conducted on June 6,
> 2014, yielded negative results.
>
> The defendant's mother advised that the
> defendant has never used illegal drugs, and
> would have an occasional alcoholic beverage
> during social gatherings. The mother did not
> regard her alcoholic consumption to be
> frequent or excessive. She related that the
> defendant has never required or undergone
> substance abuse treatment.

July 16, 2014 PSR, ¶¶ 58, 59 and 60.

Defendant was represented by experienced criminal defense attorneys prior to and at the time of sentencing. (Nov. 7, 2014 Sentencing Transcript ("Tr.") at 2. Counsel filed numerous objections to the PSR on her behalf, yet no effort was made to correct the substance abuse portions of the report via a suggestion that defendant or her mother provided false information, that the probation officer who prepared the report incorrectly recorded what was said, or that circumstances changed in the interim between the preparation of the report and the date of sentence. Accordingly what defendant seeks is not truly "a correct[ion]" of the PSR but rather its recasting, with the apparent thought that — in some unexplained fashion — such modification will enhance the likelihood of her being accepted into one or more post-sentence programs.

Although I am told that "post-sentencing addenda are apparently fairly common," no citation to a judicial decision, statute, or applicable rule has been furnished evidencing my

authority, given the attendant circumstances, to entertain the application. (John F. Carman, Esq. Letter of Nov. 24, 2015 at 1.) As noted, sentence was imposed in November 2014 and the present application was made in November 2015.[1] Under the circumstances, the Court's jurisdiction is problematic. Cf. United States v. Scott, 327 F. App'x 850 (11th Cir. 2009).

Assuming, however, that the matter is appropriately before me, I decline defendant's invitation to, in effect, delete the information both she and her mother provided to the probation department detailing her noninvolvement in the excessive use of alcohol or drugs and to insert in its stead a completely different recitation on the subject. Defendant's sentence was imposed based on the information that was before me in November 2014 after both the prosecution and defense were fully heard and the Court had an opportunity to inquire as it deemed appropriate. My involvement as to that aspect of the case ended at that point.

If, in fact, defendant is addicted to drugs and alcohol, she is commended for taking remedial measures. But simply alleging well after the fact that she lied to probation and, presumably, to her own attorney in 2014, is not found to be a viable basis to rewrite the PSR in the manner requested.

### Conclusion

---

[1] A juxtapositioning of the facts at hand with the language of Federal Rules of Criminal Procedure 35 and 36 indicates that neither is germane for present purposes.

For the reasons indicated, defendant's motion is denied.

SO ORDERED.

Dated: January 11, 2016
       Central Islip, New York

_____
DENIS R. HURLEY, U.S.D.J.